UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.C.,<br><br>                Plaintiff,<br><br>      v.<br><br>MARTIN O'MALLEY,<br><br>                Defendant. | Case No. 23-cv-00408-LJC<br><br>**ORDER REGARDING MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 18 |

Plaintiff C.C. has filed a Motion seeking attorneys' fees under the Equal Access to Justice Act (EAJA), which indicates that Defendant Martin O'Malley (the Secretary) does not oppose that request. ECF No. 18. The Secretary did not file either an opposition brief or a statement of non-opposition within fourteen days as required by this Court's local rules. *See* Civ. L.R. 7-3(a) (setting a fourteen-day deadline for an opposition); Civ. L.R. 7-3(b) ("If the party against whom the motion is directed does not oppose the motion, that party must file with the Court a Statement of Nonopposition within the time for filing and serving any opposition.").

The Ninth Circuit has held that district courts are "required to independently review plaintiffs' fee request even absent defense objections." *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992). On the other hand, "the Attorney General has plenary discretion under 28 U.S.C. §§ 516 and 519 to settle litigation to which the federal government is a party," so long as such a settlement does not exceed the Attorney General's authority under applicable law, an agency regulation, or the Constitution. *United States v. Carpenter*, 526 F.3d 1237, 1241 (9th Cir. 2008). While a settlement entered by the Attorney General (or duly authorized subordinate government attorneys) can be subject to challenge by other parties under appropriate circumstances, *see id.*, the Ninth Circuit's recognition of the Attorney General's "plenary discretion" suggests that courts should not ordinarily second guess such decisions sua sponte. The Attorney General and his

subordinates are no less capable than any other attorney of safeguarding their client's financial interests. Allowing parties to social security cases to compromise their claims for fees under the EAJA, rather than incur additional fees briefing and supporting a motion for a court's independent review, serves both the parties' and the courts' interests in efficiency—an interest that stands out particularly in the context of the EAJA, which limits compensation to well below the prevailing market rates for legal services. Though a district court has an independent obligation to review the reasonableness of attorneys' fees where a party fails to oppose a motion for fees or fails to address all relevant issues in an opposition brief, this Court respectfully disagrees with courts that have extended such scrutiny to stipulations where a party (including but not limited to the United States or its officials) affirmatively agrees to a particular award of fees as an efficient compromise to a potential dispute. *E.g.*, *Douzat v. Saul*, No. 2:17-cv-01740-NJK, 2020 WL 3408706, at *1 (D. Nev. June 11, 2020).

The Ninth Circuit has made clear that the independent obligation it discussed in *Gates*—where the defendants opposed the motion at issue—applies "even absent defense objections." *Gates*, 987 F.2d at 1398, 1401. The Ninth Circuit has not addressed stipulations or other agreements regarding fee awards, however, and in this Court's view, that obligation does not normally apply where the target of fee-shifting motion affirmatively agrees to a particular award. Nothing in *Gates* suggests that such agreements warrant less deference than any other settlement of disputed issues in litigation.

Here, C.C. has filed a Motion that the Secretary has failed to oppose, which would seem to trigger this Court's independent review of the reasonableness of C.C.'s request. But C.C.'s affirmative assertion that the Secretary does not oppose the Motion raises a question of whether the request reflects an agreed compromise. It is entirely up to the parties whether they are or are not willing to stipulate to an award of fees in this case, and the Court does not intend to place a thumb on the scale of whether they do so. To allow the Court to better understand the parties' intent, however, the parties are directed to file no later than July 25, 2024 either: (1) a stipulation for an award of attorneys' fees under the EAJA, reflecting the settlement of C.C.'s claim for such fees and superseding the pending motion; or (2) a joint statement indicating that the parties have

not reached such an agreement, in which case the Court will proceed to evaluate C.C.'s unopposed Motion for Attorneys' Fees.

**IT IS SO ORDERED.**

Dated: July 18, 2024

LISA J. CISNEROS
United States Magistrate Judge